**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ADRIAN LEWIS,                              *
                                          *
              Plaintiff,                   *
v.                                         *
                                          *
CAROLYN W. COLVIN,                         *          No. 3:14CV00119-JJV
Acting Commissioner,                       *
Social Security Administration             *
                                          *
              Defendant.                   *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Adrian Lewis, appeals the final decision of the Commissioner of the Social Security

Administration (the "Commissioner") denying her claims for supplemental security income ("SSI")

benefits under Title XVI of the Social Security Act (the "Act").   For reasons set out below, the

decision of the Commissioner is AFFIRMED.

**I.      BACKGROUND**

On March 12, 2012, Ms. Lewis protectively filed for SSI benefits due to anxiety,

hypertension, PTSD, hypokalemia, lumbago, reactive airway disease, depression, herniated nucleus

pulposus, allergic rhinitis, morbid obesity, depression, chronic pain, and arthritis.  (Tr. 267)  Ms.

Lewis's claims were denied initially and upon reconsideration.   At Ms. Lewis's request, an

Administrative Law Judge ("ALJ") held a hearing on July 16, 2013, where Ms. Lewis appeared pro

se.  At the hearing, the ALJ heard testimony from Ms. Lewis and a vocational expert ("VE").  (Tr.

1-44)  The ALJ issued a decision on November 1, 2013, finding that Ms. Lewis was not disabled

under the Act.  (Tr. 59-73)  The Appeals Council denied Mr. Lewis's request for review, making the

ALJ's decision the Commissioner's final decision.  (Tr. 79-82)

Ms. Lewis, who was forty-two years old at the time of the hearing, has a high school

education and past relevant work as cashier, telemarketer, and cleaner.  (Tr. 10, 15, 36)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Lewis had not engaged in substantial gainful activity since March 12, 2012, and she had the following severe impairments: degenerative disc disease, obesity, depression, and anxiety.  (Tr. 61)  However, the ALJ found that Ms. Lewis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 62)

According to the ALJ, Ms. Lewis has the residual functional capacity ("RFC") to perform light, unskilled work, except she can only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl. She must be able to sit and stand as needed and should have no more than occasional and superficial contact with others.  (Tr. 64)  The VE testified that Ms. Lewis could do her past relevant work as a cleaner, and that other jobs available with these limitations were mail room clerk, copy machine operator, and small products assembler.  (Tr. 37-38)  Accordingly, the ALJ determined that Ms. Lewis could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

## III.    ANALYSIS

### A.    Standard of Review

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g).

[2]420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.     Ms. Lewis's Argument for Reversal**

Ms. Lewis asserts the Commissioner's decision should be reversed because the ALJ (1) erred in the credibility analysis; and (2) failed to consider all of her impairments.  (Doc. No. 12)

1.     Credibility Analysis

Ms. Lewis argues the ALJ erred in the credibility finding by considering her activities of daily living and failure to follow her mental health professional's treatment plan.  The ALJ noted that Ms. Lewis sweeps, mops, irons, vacuums, does laundry, gardens, uses the computer, shops, prepares simple meals, attends church, and cares for her three-year-old child.  (Tr. 63, 289)  In her function report, Ms. Lewis indicated that she "practice[s] being a professional mama" and takes care of her child's "daily needs."  (Tr. 288)  She also noted that her hobbies are "fishing, dancing, singing, traveling, advocating for myself and other families, reading, educating [her]self, [and] watching movies."  (Tr. 292)  These activities of daily living, along with other medical evidence in the record, were appropriate for the ALJ to consider when weighing the credibility of the severity of Ms.

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Lewis's impairments.[6]

Ms. Lewis also argues the ALJ erred in recognizing that Ms. Lewis failed to follow her mental health professional's treatment plan because Ms. Lewis is not making a rational decision to refuse treatment but is a victim of her mental illness.  (Doc. No. 12 at 14-17)  Contrary to this argument, Ms. Lewis's treating physician noted that Ms. Lewis "does not appear to have significant mental illness. [Her] primary problem appears to be lack of skills, limited social support, [and] limited health literacy."  (Tr. 470)

Other factors also were relevant to the ALJ's credibility analysis.  For example, Ms. Lewis also wrote: "My medications help me.  No one wants me to stop taking them.  They help me function better.  Please do not mess with [what] my doctor is doing.  She is doing a good job."  (Tr. 295)  She also testified that her medications help with her depression and PTSD and her pain medications help with her back issues.  (Tr. 19, 28)  It is well settled that "[a]n impairment which can be controlled by treatment or medication is not considered disabling."[7]  The ALJ also noted that Ms. Lewis had "not had any treatment since moving to Arkansas, a couple months prior to the hearing" and was "not currently in any mental health treatment."   (Tr. 65)  When weighing credibility, an ALJ may consider whether or not a claimant seeks regular treatment.[8]

Additionally, Ms. Lewis repeatedly has been advised to lose wight, but has not done so.  Importantly, her doctors wanted her on a diet, exercise, and walking regimen. (Tr. 850, 855) First,

---

[6]*Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole.").

[7]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[8]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

the ALJ may consider the fact that Ms. Lewis has not followed the advice of her doctors.[9]  Second,

the doctors' exercise recommendation is consistent with the ALJ's light work finding.

In April 2011, the doctor noted only "mild degenerative changes of the lumbar spine".  (Tr.

858)  An MRI from September 2011 again revealed only "minimal broad-based disk bulging . . .

without focal protrusion or resultant stenosis . . . [and] no foraminal narrowing."  (Tr. 884)  In May

2012, Ms. Lewis had a "herniated nucleus pulposus, L5-S-1a" but failed to follow up and did not

participated in physical therapy.  (Tr. 771)  A failure to follow up for treatment on an alleged

impairment would indicate that the impairment is not as severe as alleged by Ms. Lewis.

Most notably, in August 2011, Ms. Lewis's own treating physician "discussed at length with

[her] the lack of any definitive diagnosis to support disability."  (Tr. 859)

2.      Other Impairments

Ms. Lewis argues that the ALJ failed to consider the effects of Plaintiff's PTSD in the

hypothetical posed to the VE.  This argument is without merit, since an ALJ "need only include

impairments that are supported by the record and that the ALJ accepts as valid."[10]  As set out above,

the ALJ had substantial evidence to support his finding that Ms. Lewis's alleged PTSD was not a

severe impairment.  Again, she testified that her medications helped with her PTSD, and Ms. Lewis's

treating doctor indicated that she "does not appear to have significant mental illness."   (Tr. 470)

Accordingly, the ALJ's hypothetical covered the credible impairments.

**IV.    Conclusion**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the

---

[9]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[10]*Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007).

transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 6th day of October, 2014.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE